In re EMPIRE CITY TRACTION CO.

(Supreme Court, Appellate Division, First Department. April 24, 1896.)

STREET RAILROADS — CERTIFICATE OF RAILROAD COMMISSIONERS — CONSENT OF LOCAL AUTHORITIES.

Laws 1892, c. 676, § 59, requires every railroad company, before exercising the powers conferred by law, to obtain from the board of railroad commissioners a certificate that the articles of incorporation have been duly published, and that public convenience requires the construction of the road. Section 93 provides that in cities of over 1,250,000 inhabitants the consent of the local authorities shall contain the condition that the right, franchise, and privilege shall be sold at public auction to the highest bidder. *Held*, that the railroad commissioners are not required to issue such certificate to a corporation organized for the purpose of constructing a street railroad in New York City before it may become a bidder at such sale.

Application by the Empire City Traction Company for an order directing the railroad commissioners to issue a certificate of incorporation. Denied.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

W. H. Page, Jr., for applicant.
H. A. Robinson and R. J. Moses, opposed.

PER CURIAM. On the 30th of December, 1895, the Empire City Traction Company filed its articles of association, the purpose of

said association being stated in said articles to be the building, maintaining, and operating of a street railroad beginning at the Hudson river on West 145th street; running thence easterly, through and along said street, to the Harlem river; and also beginning at the Hudson river on West 96th street; running thence easterly, through and along said street, to its intersection with Columbus avenue; running thence northerly through and along said Columbus avenue to its intersection with West 97th street; running thence easterly through and along said West 97th street, to the easterly side of Central Park West; thence easterly through and along the transverse road through Central Park at 97th street to Fifth avenue; thence easterly through and along East 97th street to its intersection with Madison avenue; thence southerly through and along Madison avenue to its intersection with East 96th street; thence easterly through and along East 96th street to its intersection with Third avenue; thence northerly through and along said Third avenue to its intersection with East 99th street; thence easterly through and along said East 99th street to the East river. And said company, having claimed to have complied with the conditions of section 59 of the railroad law, and that the public convenience and necessity required the construction of the railroad proposed in the articles of association, made application to the board of railroad commissioners under such section for a certificate to that effect. This certificate was refused, whereupon, in pursuance of the provisions of said section 59, this application was made to this court.

Section 59 of the railroad law, which was adopted in 1892, as amended by chapter 676 of the Laws of 1892, is as follows:

"Sec. 59. Requisites to Exercise of Powers of Future Railroad Corporations. No railroad corporation hereafter formed under the laws of this state shall exercise the powers conferred by law upon such corporation or begin the construction of its road until the directors shall cause a copy of the articles of association to be published in one or more newspapers in each county in which the road is proposed to be located, at least once a week for three successive weeks and shall file satisfactory proof thereof with the board of railroad commissioners; nor until the board of railroad commissioners shall certify that the foregoing conditions have been complied with, and also that public convenience and a necessity require the construction of said railroad as proposed in said articles of association. The foregoing certificate shall be applied for within six months after the completion of the three weeks' publication hereinbefore provided for. If certificate is refused, no further proceedings shall be had before the said board, but the application may be renewed after one year from the date of such refusal. Prior to granting or refusing said certificate, the board shall have a right to permit errors, omissions or defects to be supplied and corrected. After a refusal to grant such certificate, the board shall certify a copy of all maps on file in its office, and of the findings of the board, when so requested by the directors aforesaid. Such directors may thereupon present the same to a general term of the supreme court of the department within which said road is proposed in whole or in part to be constructed, and said general term shall have power, in its discretion to order said board, for reasons stated, to issue said certificate and it shall be issued accordingly. Such certificate shall be filed in the office of the secretary of state, and a copy thereof certified to be a copy by the secretary of state, or his deputy, shall be evidence of the fact therein stated. Nothing in this section shall prevent any such railroad corporation from causing such examinations and surveys for its proposed railroad to be made, as may be necessary to the selection of the most advantageous route; and for such purpose by its

officers or agents and servants, to enter upon the lands or water of any person, but subject to the responsibility for all damages which shall be done thereto. This section shall not apply to street railroads."

By chapter 545 of the laws of 1895, section 59 of the railroad law, above referred to, was amended by striking out the words, "This section shall not apply to street railroads," leaving the section otherwise unchanged. And it is in pursuance of this amendment that it becomes necessary for street railroads to make the application to the railroad commissioners. By section 93 of the railroad law it is provided that the consent of the local authorities in cities containing 1,250,000 inhabitants or more, must contain the condition that the right, franchise, and privilege shall be sold at public auction to the bidder who will agree to give the city the largest percentage per annum of the gross receipts of such corporation, etc. This provision, applying to the city of New York, requires, in addition to the consent of the local authorities, that the corporation desiring to build a road within said city shall be the highest bidder at such an auction sale.

It is claimed upon the part of the applicant that, in view of the restrictions contained in section 59 of the railroad law, it cannot become a bidder at an auction sale without having a certificate from the railroad commissioners. Upon an examination of the law in question, we do not see that any such construction can be put upon the law. It is admitted that such a construction would require the commissioners to issue a certificate to every applicant who might file certificates of incorporation for building a railroad, to the building of which the local authorities might give their consent. It is manifest that such was not the intention of the law. It was the intention of the law, beyond doubt, to prevent the paralleling of routes, and the filing of certificates of incorporation by divers associations for the same routes, and the holding of franchises by the filing of such certificates, thereby preventing others willing so to do from proceeding with the improvement without making terms with the corporation first filing its certificate. Such being the evident intention of the act at the time of its adoption when it excluded street railroads from its operation, the whole construction and intent of the act cannot be changed by the mere introduction of a new element upon which it is to operate. It seems to us clear that it would be a violation of the duties imposed upon the railroad commissioners for them to issue divers certificates to companies organized for the purpose of building upon the same route. This would be to frustrate one of the objects of the law, and such a construction should not be placed upon it because of the bringing in of another clause by subsequent legislation, unless the intent to change the original construction of the act is manifest. No such intent can be gathered from the legislation upon this subject. Indeed, it seems to have been the intention to prevent abuses of this kind in respect to street railroads that had obtained in reference to routes which were not remedied in the original statute; and the mere fact that in a particular locality it may seem to work inconvenience is a matter for the legislature to consider, and not for the court to legislate

upon. We agree with the railroad commissioners in the conclusion at which they have arrived, that there is no incapacity upon the part of the applicant to bid at the sale of the desired privilege. If there is a risk that, in consequence of the peculiarities ingrafted upon the incorporation of the successful bidder, or that for other reasons consent may be refused by the railroad commissioners, that is an infirmity in the law, and should be redressed by future legislation as above stated; but such difficulties cannot be obviated by judicial construction.

We are of the opinion, therefore, that the application should be denied.